DAVIDOFF HUTCHER & CITRON LLP
*Proposed Attorneys for the Debtors*
120 Bloomingdale Road, Suite 100
White Plains, New York 10605
(914) 381-7400
Robert L. Rattet, Esq.
Jonathan S. Pasternak, Esq.

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re: | Chapter 11 |
| 358 ATLANTIC REALTY LLC, and<br>MOBROWNSTONE REALTY LLC | Case Nos. 24-43382 (JMM)<br>24-43383 (JMM)<br>(Joint Administration Requested) |
| Debtors. | |

-----------------------------------------------------------x

## DECLARATION OF MOHAMED B. MOHAMED PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

MOHAMED B. MOHAMED, under penalties of perjury, hereby declares and states as follows:

1.  I am the sole managing member of 358 Atlantic Realty LLC ("Atlantic") and Mobrownstone Realty LLC ("Mobrownstone", and together with Atlantic, the "Debtors") and I submit this Declaration pursuant to Rule 1007-4 of the Local Rules for the United States Bankruptcy Court for the Eastern District of New York.

## PART I

## BACKGROUND

2.  Atlantic was organized under the laws of the State of New York on September 20, 2007. Mobrownstone was organized under the same on July 25, 2007. The Debtors are limited liability companies, authorized to do business in the State of New York, with a principal place of

business located at 78 Hoyt Street, Brooklyn, New York 11201.

3. The Debtors are the owners of certain real property and improvements commonly known as 358-360 Atlantic Avenue, Brooklyn, New York 11217 (collectively, where appropriate the "Property"). Respectively, Atlantic is the owner of 358 Atlantic Avenue, Brooklyn, NY 11217, and Mobrownstone is the owner of 360 Atlantic Avenue, Brooklyn, NY 11217. The Property contains two separate mixed use brownstones with tenants occupying both buildings.

4. In or around 2018, the Debtor acquired the Property with equity contributing $1,100,000.00 to each acquisition, and then with further funds in the principal amount of $3,835,000.00 (the "Loan"), obtained via a loan agreement dated December 12, 2018, with Greystone Servicing Corporation, Inc. ("Original Lender").

5. As evidence of the Loan, the Debtors, *inter alia*, executed and delivered to Original Lender a New York Consolidated, Amended and Restated Note, dated as of December 12, 2018, in the original principal amount of $3,835,000.00 (the "Note"). The Note bears a special indorsement from Original Lender to Federal Home Loan Mortgage Corporation ("Freddie Mac").

6. As collateral security for the payment of the Note, the Debtors executed, acknowledged and delivered to Original Lender a Consolidation, Extension and Modification Agreement dated as of December 12, 2018 (the "CEMA"), pursuant to which the Debtors, *inter alia*, agreed to amend, restate and consolidate the Existing Mortgages (as defined in the CEMA) into a single first priority lien on the Property in the original principal amount of $3,835,000.00. Schedule C of the CEMA is a Multifamily Mortgage, Assignment of Rents and Security Agreement dated as of December 12, 2018 (the "Mortgage"), executed by the Debtors in favor of Original Lender and which granted Original Lender a security interest in the Property in the original principal amount of $3,835,000.00.

7. The Mortgage also includes a security interest in favor of the holder of the Mortgage in, *inter alia*, the buildings, structures, fixtures and other improvements now or hereafter located on the Property as well as the Property (as defined in the Mortgage), including, but not limited to, the Improvements (as defined in the Mortgage), the Fixtures and Personal Property (as defined in the Mortgage), the Leases and Rents (as defined in the Mortgage), and the Intangibles (as defined in the Mortgage (collectively, the "Collateral").

8. The Mortgage also includes an Assignment of Leases and Rents pursuant to which the Debtors, *inter alia*, granted to Original Lender a security interest in all Leases and Rents (as defined in the Mortgage) generated by the Property.

9. The Original Lender executed and delivered an Assignment of Consolidated Security Instruments, dated as of December 12, 2018 (the "First Assignment"), pursuant to which Original Lender transferred to Freddie Mac all rights, title and interest in and to the CEMA and Mortgage and Freddie Mac became the holder of the CEMA and Mortgage. On January 2, 2019, the First Assignment was recorded in the City Register's Office as CRFN 2019000001529.

10. Freddie Mac executed an allonge to the Note, dated as of March 22, 2019, indorsed in favor of Wilmington Trust, National Association ("Interim Holder"), as Trustee for the Registered Holders of Wells Fargo Commercial Mortgage Securities, Inc., Multifamily Mortgage Pass-Through Certificates, Series 2019-SB60 (the "Interim Allonge") and delivered the Note, with the Interim Allonge affixed thereto to Interim Holder.

11. Freddie Mac also executed and delivered an Assignment of Mortgage, dated as of March 6, 2019 (the "Second Assignment"), pursuant to which Freddie Mac transferred to Interim Holder all rights, title and interest in and to the CEMA and Mortgage and Interim Holder became the holder of the CEMA and Mortgage. On May 1, 2019, the Second Assignment was recorded in

the City Register's Office as CRFN 2019000139712.

12. Interim Holder executed an allonge (the "Allonge") to the Note, dated as of August 13, 2021, endorsed in favor of 358 & 360 Atlantic Avenue Holdings, LLC (the "Lender") and delivered the Note to Plaintiff with the Allonge affixed thereto.

13. Interim Holder also executed and delivered an Assignment of Mortgage, dated as of August 13, 2021 (the "Third Assignment"), pursuant to which Interim Holder transferred to the Lender all rights, title and interest in and to the CEMA and Mortgage and Lender became the holder of the CEMA and Mortgage. On August 25, 2021, the Third Assignment was recorded in the City Register's Office as CRFN 2021000335439.

14. During these series of assignments to various lenders, the Covid-19 pandemic commenced in March 2020, leading many tenants at the Property to fall behind on rent to the Debtors, or vacate their units entirely, leaving the Debtors with serious cash flow deficiencies to continue consistently paying the Loan.

15. To make matters more complicated, I was in a serious automobile crash and became very sick during this time. During my recovery, some of the buildings in my possession began to be foreclosed on and one was attempted to have been stolen from me via a forged deed. I have only recently begun to regain my good health.

16. On September 1, 2020, the Lender held the Debtors in default under the Note and commenced a foreclosure proceeding in the United States District Court for the Eastern District of New York styled as *358 & 360 Atlantic Avenue Holdings, LLC v. 358 Atlantic Realty LLC et al.* (21-cv-00168) (the "Foreclosure Action"). As the guarantor to the Mortgage and Note, I was included as a defendant in the Foreclosure Action.

17. On April 12, 2021, Gregory A. Gilfoil was appointed as the receiver for the

Property pursuant to an order by the Court in the Foreclosure Action. On October 3, 2022, Mr. Gilfoil was substituted as receiver for the current receiver, Ian V. Lagowitz.

18. On May 30, 2023, the Lender was awarded partial default judgment against the Debtors and me. On October 4, 2023, I commenced my own voluntary Chapter 11 case in the United States Bankruptcy Court for the Eastern District of New York styled as *In re Mohamed Bahgat Mohamed* (Case No. 23-43588). My personal Chapter 11 case is currently pending and has been assigned to the Honorable Nancy H. Lord. In the spirit of full disclosure, I hired Davidoff Hutcher and Citron LLP as my substitute counsel in my personal Chapter 11 case and intend to use the same counsel for the Debtors due to the closely intertwined issues and financials concerning all of these cases, as well as for judicial efficiency.

19. On October 10, 2023, Adam Kalish, Esq. was appointed as referee in the Foreclosure Action.

20. On April 8, 2024, the Lender then moved in the Foreclosure Action for a sale of the Property. Upon information and belief no foreclosure sale has been scheduled yet.

21. In order to protect and preserve the Debtors' interests in the Property, I authorized the Debtors to file for Chapter 11 bankruptcy protection in the United States Bankruptcy Court for the Eastern District of New York, on August 14, 2024 (the "Petition Date").

22. The Debtors intend to utilize the Chapter 11 process to obtain a refinance of the Property or to market and sell the Property via an auction and retention of an experienced real estate broker should it have to utilize this option. To that end, the Debtors have retained Northgate Real Estate Group as their broker pre-petition, and the Property is already being marketed for a refinance or sale.

23. The needs and interests of the Debtors' creditors will be best served by the

continued possession of their property and management of their affairs as debtors in possession under Chapter 11 until a restructuring plan can be formulated and presented to creditors.

## PART II

### INFORMATION REQUIRED BY LOCAL BANKRUTPCY RULE 1007

24. In addition to the foregoing, E.D.N.Y. Local Bankruptcy Rule 1007-4 requires certain information related to the Debtors, which is set forth below.

25. The Debtors' principal place of business is 78 Hoyt Street, Brooklyn, New York 11201. The Debtors are engaged in the ownership of the Property as described above.

26. These cases were not originally commenced under Chapter 7 or 13 of title 11 of theUnited States Code, 11 U.S.C. §§ 101, *et seq.* (the "Bankruptcy Code").

27. Upon information and belief, no committee was organized prior to the order for relief in these Chapter 11 cases.

28. A list of the names and addresses of the Debtors' 20 largest unsecured creditors, excluding those who would not be entitled to vote at a creditors' meeting and creditors who are "insiders" as that term is defined in §101(31) of the Bankruptcy Code will be provided when the Debtors file their schedules.

29. A schedule of the Debtors' five largest secured creditors will be provided when the Debtors file their schedules.

30. A summary of the Debtors' consolidated assets and liabilities will be provided when the Debtors file their schedules.

31. There are no publicly held securities of the Debtors.

32. Ian V. Lagowitz is the current receiver for the Property.

33. The Debtor does not lease the Property, vehicles or equipment.

34. The Debtors' books and records and substantial assets are located at 78 Hoyt Street, Brooklyn, New York 11201. However, Mr. Lagowitz as the receiver for the Property is in possession of all recent financial information concerning the Property which information will be needed to complete the schedules and statements of financial affairs for the Debtors.

35. Upon information and belief, the only active lawsuit the Debtors are a party to is the Foreclosure Action.

36. The Debtors are currently managed by Mohamed B. Mohamed, the declarant.

37. The Debtors currently have 0 employees.

38. The Debtors' estimated gross weekly payroll and payments to managers, members, and directors for the thirty (30) day period following the Chapter 11 petitions will be provided when the schedules are filed.

39. The Debtors' estimated payroll to non-manager/non-insider employees for the thirty (30) day period following the Chapter 11 petitions is approximately $0.

40. A schedule, for the 30-day period following the filing of the Chapter 11 petitions of estimated cash receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remain unpaid, other than professional fees will be provided when the information is obtained from the receiver, Mr. Lagowitz.

## **CONCLUSION**

Pursuant to 28 U.S.C. § 1746, I declare under the penalty of perjury that the foregoing is true and correct.

Dated: August 14, 2024

                                                                   */s/ Mohamed B. Mohamed*
                                                                   Mohamed B. Mohamed